U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2020 SEP 21  PM 1: 13

CLERK

BY_____Law_____
DEPUTY CLERK

MARIA PEREZ,                                )

                                            )

        Plaintiff,                          )

                                            )

    v.                                      )       Case No. 2:20-cv-23

                                            )

JIM BAKER, COMMISSIONER OF VERMONT          )

DEPARTMENT OF CORRECTIONS, and              )

THERESA STONE,                              )

                                            )

        Defendants.                         )

### OPINION AND ORDER
### ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### AND GRANTING PLAINTIFF'S MOTION TO REMAND
(Docs. 4 & 39)

On August 1, 2019, Plaintiff Maria Perez, an inmate in the custody of the Vermont

Department of Corrections ("DOC"), filed a Complaint in the Vermont Superior Court,

Civil Division pursuant to Vt. R. Civ. P. 75 alleging that Defendants Jim Baker,[1]

Commissioner of DOC, and Theresa Stone, Superintendent of the Chittenden Regional

Correctional Facility ("CRCF") (collectively, "Defendants"), failed to protect her from

physical abuse by DOC corrections officers and failed to establish policies to prevent and

investigate allegation of abuse. On January 28, 2020, Plaintiff filed an Amended

Complaint in which she asserted claims under Vermont law arising out of her

incarceration at a State of Vermont correctional facility.

On February 19, 2020, Defendants removed the case to this court and asserted that

Plaintiff's claims implicate federal questions under the First and Eighth Amendments to

the United States Constitution. On August 10, 2020, the Magistrate Judge issued a Report

and Recommendation ("R & R") (Doc. 39), wherein he recommended the court grant

---

[1] Since Plaintiff filed her Complaint, Michael Touchette resigned as the DOC Commissioner.

Plaintiff's motion to remand (Doc. 4). No party has filed an objection to the R & R, and the time period to do so has expired.

Plaintiff is represented by Annemarie Manhardt, Esq. Defendants are represented by Vermont Assistant Attorney General Jared C. Bianchi.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his eighteen-page R & R, the Magistrate Judge carefully reviewed Plaintiff's factual allegations and legal claims and correctly concluded that Plaintiff pleaded only state law claims in her Amended Complaint. *See Romano v. Kazacos*, 609 F.3d 512, 518 (2d Cir. 2010) ("[F]ederal question jurisdiction exists only if plaintiff's statement of his own cause of action shows that it is based on federal law.") (internal quotation marks omitted); *see also Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 486 (2d Cir. 1998) ("[A] plaintiff may avoid federal jurisdiction by pleading only state law claims, even where federal claims are also available, and even if there is a federal defense.").

In examining whether 42 U.S.C. § 1983 completely preempts Plaintiff's state-law claims, in conjunction with Defendants' artful-pleading argument, the Magistrate Judge properly concluded § 1983 is not one of the "very narrow range of cases where Congress has clearly manifested an intent to make a specific action within a particular area removable." *Marcus v. AT&T Corp.*, 138 F.3d 46, 54 (2d Cir. 1998) (internal quotation marks omitted). Because Plaintiff alleges violations of Vermont law which do not "necessarily stand[] or fall[] based on a particular interpretation or application of federal

2

law[,]" *In re The Reserve Fund Sec. & Derivative Litig.*, 2009 WL 3634085, at *4 (S.D.N.Y. Nov. 3, 2009) (internal quotation marks omitted), the Magistrate Judge properly recommended that the court grant Plaintiff's motion to remand. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (noting "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). "[F]ederal courts are courts of limited jurisdiction and may not decide cases over which they lack subject[-]matter jurisdiction." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). For this reason, "federal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks omitted). Plaintiff has chosen the claims she seeks to assert; Defendants have no right to transform those claims for purposes of federal court jurisdiction. Having limited her claims to state law claims, Plaintiff is entitled to have those claims adjudicated in the forum of her choice as this court lacks subject matter jurisdiction over them.

For the reasons stated above, the court agrees with the Magistrate Judge's well-reasoned conclusions and adopts them in their entirety.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 39) as the court's Opinion and Order and GRANTS Plaintiff's motion to remand (Doc. 4).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this ___21st___ day of September, 2020.

Christina Reiss, District Judge
United States District Court

3